**FEDERAL TRADE COMMISSION, Plaintiff—Appellee,**

v.

**MAR DELFINAS, LTD, a California Limited Partnership, Defendant—Appellant.**

No. 02–56163.
D.C. No. CV–01–01326–RMB.

United States Court of Appeals,
Ninth Circuit.

Submitted June 6, 2003.*

Decided June 16, 2003.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before TROTT and TALLMAN, Circuit Judges, and COLLINS,** District Judge.

MEMORANDUM***

Mar Delfinas, Ltd. appeals the district court's grant of summary judgment in fa-

** Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

vor of the Federal Trade Commission (FTC). The district court held that the transfer of property from Eugene Evangelist to Mar Delfinas was fraudulent pursuant to 28 U.S.C. §§ 3304(b)(1)(A) and (b)(1)(B)(ii). The court ordered that proceeds earned when Mar Delfinas later resold the property must be turned over to the FTC to satisfy a portion of a $1,566,000 judgment owed by Mr. Evangelist.

■ Mar Delfinas argues that summary judgment was inappropriate because Mr. Evangelist held no interest in the property he transferred to Mar Delfinas and was instead merely holding the property for his sister, Joyce. The record evidence contradicts Mar Delfinas's contentions. Mr. Evangelist took exclusive legal title to the property when he purchased it. He provided at least a portion of the down payment for the property, as demonstrated by the escrow document in which he forwarded a $5,000 cashier's check to the escrow company. The mortgage to purchase the property was taken out by Mr. Evangelist only. When he transferred the property to Mar Delfinas, Mr. Evangelist transferred an exclusive legal interest, as well as an equitable claim. The transfer satisfied the definition provided by 28 U.S.C. § 3301(6).

■ Mar Delfinas also maintains that the FTC failed to prove that Mr. Evangelist acted with "intent to hinder, delay, or defraud a creditor." Id. § 3304(b)(1)(A). Again, the record belies Mar Delfinas's assertion. The FTC marshaled evidence of many of the factors that courts are statutorily permitted to weigh when con-

sidering whether intent has been shown. Mr. Evangelist transferred the property to an insider, Joyce. *Id.* § 3304(b)(2)(A). He maintained exclusive control over the property after the transfer, including managing the renting of the property and paying the mortgage. *Id.* § 3304(b)(2)(B). The FTC lawsuit that produced the underlying judgment was filed prior to the purchase and transfer of the property. *Id.* § 3304(b)(2)(D). And the transfer occurred only three days after the FTC obtained the underlying judgment. *Id.* § 3304(b)(2)(J). The district court properly concluded that the FTC demonstrated that Mr. Evangelist acted with intent to defraud.

Finally, Mar Delfinas briefly argues that the district court improperly considered as evidence a plea agreement entered into by Mr. Evangelist and the United States in a criminal prosecution for his fraudulent securities activities. We review the district court's evidentiary ruling for an abuse of discretion. *See Block v. City of Los Angeles,* 253 F.3d 410, 416 (9th Cir.2001). There was no abuse of discretion here. The evidence of the plea agreement was relevant to the various judgments against Mr. Evangelist. Mar Delfinas was not prejudiced by the admission of the plea agreement. Mar Delfinas contends that the plea agreement was not submitted to the district court. This assertion is false; the plea agreement was submitted as an exhibit to a supplemental declaration in support of the FTC's motion for summary judgment.

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.